UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CATHY COVINGTON and FAWN BATTEN, ) | |
| ) | NO.  CV-05-378-LRS |
| Plaintiffs, ) | |
| ) | **ORDER GRANTING THE UNITED** |
| -vs- ) | **STATES' MOTION TO DISMISS** |
| ) | |
| RYAN QUIRK, THE UNITED STATES OF ) | |
| AMERICA, U.S. DEPARTMENT OF ) | |
| INTERIOR, ) | |
| ) | |
| Defendants. ) | |
| ) | |

BEFORE THE COURT is Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction (Ct. Rec. 12), filed July 17, 2006; and Plaintiffs' Motion to Continue and to Amend Complaint to Join Additional Parties (Ct. Rec. 16), filed on July 28, 2006, in response to Defendants' motion to dismiss.  A telephonic hearing was held September 26, 2006. Supplemental briefing was requested and completed and a telephonic hearing was held on October 18, 2006.  Rodney Reinbold participated on behalf of the Plaintiffs; Timothy Durkin participated on behalf of Defendants.  The Court having considered the oral and written argument of counsel, enters this Order to clarify, memorialize, and supplement the oral rulings of the Court.  Accordingly,

///

**ORDER** - 1

1     **IT IS ORDERED** that:

2         1.  Defendants' Motion to Dismiss For Lack of Subject Matter
3     Jurisdiction, Ct. Rec. 12, filed July 17, 2006 is **GRANTED.** As to the
4     Federal Tort Claim Act ("FTCA") allegations, the Court dismisses with
5     prejudice those claims based on the finding that:

6         a) The United States did not waive its sovereign immunity;

7         b) Although Defendant Quirk was a Tribal Officer enforcing Tribal
8     Law under the Colville Tribal Police Department's P.L. 93-638 contract
9     and the Indian Self-Determination and Education Assistance Act of 1975,
10    Defendant Quirk did <u>not</u> fulfill the necessary requirements to become
11    federally commissioned pursuant to 25 U.S.C. §2804, nor was Officer Quirk
12    automatically conferred federal law enforcement authority under 25 U.S.C.
13    §2803; and

14        c) The particular facts of this case fall within the assault and
15    battery exception under the FTCA (28 U.S.C. §2680(h)) because Defendant
16    Quirk is not a federal law enforcement officer for purposes of the FTCA.

17        2.  As to the individual capacity claims Plaintiffs may have against
18    Defendant Ryan Quirk, insofar as these do not implicate liability on the
19    part of the United States, the Court dismisses these causes of action,
20    without prejudice, to permit Plaintiffs to pursue exhaustion of their
21    tribal court remedies, if any.  The Tenth Circuit has held that "[a]
22    federal action may be abated or dismissed without prejudice to enable
23    pursuit of tribal court remedies." *U.S. v. Chuska Development Corp.*, 55
24    F.3d 1491, 1492 (10th Cir.1995) (*citing National Farmers Union Ins.*
25    ///
26    ///

*Companies v. Crow Tribe of Indians,* 471 U.S. 845, 857, 105 S.Ct. 2447 U.S. (1985).[1]

Three specific "comity concerns" are advanced by proper application of the tribal exhaustion rule: (1) furthering congressional policy of supporting tribal self-government; (2) promoting the orderly administration of justice by allowing a full record to be developed in the tribal court; and (3) obtaining the benefit of tribal expertise if further review becomes necessary." *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1507 (10th Cir.1997) (*citing National Farmers*, 471 U.S. at 856-57, 105 S.Ct. 2447). "When the dispute at issue arises on the reservation," these comity concerns "almost always dictate that the parties exhaust their tribal remedies before resorting to the federal forum." *Kerr-McGee*, 115 F.3d at 1507.

3. Plaintiffs' Motion to Continue and to Amend Complaint to Join Additional Parties, Ct. Rec. 16, filed on July 28, 2006, is **DENIED in part** and **GRANTED in part**. Plaintiffs' motion is granted as to the request for oral argument and denied in all other respects.

---

[1]The Supreme Court created the tribal exhaustion rule because of Congress's "strong interest in promoting tribal sovereignty, including the development of tribal courts." *Smith v. Moffett*, 947 F.2d 442, 444 (10th Cir.1991). The rule provides that "as a matter of comity, a federal court should not exercise jurisdiction over cases arising under its federal question or diversity jurisdiction, if those cases are also subject to tribal jurisdiction, until the parties have exhausted their tribal remedies." *Tillett v. Lujan*, 931 F.2d 636, 640 (10th Cir.1991).

**ORDER** - 3

**IT IS SO ORDERED.** The District Court Executive is DIRECTED to file this Order, provide copies to counsel, enter judgment consistent with this order and CLOSE FILE.

**DATED** this 20th day of October, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

**ORDER** - 4